**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21717-LEIBOWITZ**

**KURBATOV ANDRII**,

      *Petitioner,*

*v.*

**GARRET RIPA,** *et al.*,

      *Respondents.*

_____/

## ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT

**THIS CAUSE** is before this Court upon Petitioner Kurbatov Andrii's ("Petitioner") *pro se* Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief (the "Petition") [ECF No. 1] to which Respondents' have filed their Response, arguing Petitioner's claims are moot [ECF No. 7]. Upon consideration of the Petition, the parties' papers, the relevant portions of the record, and the governing law, the Petition is **DISMISSED AS MOOT** as explained below.

### I.      BACKGROUND

On March 13, 2026, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1], alleging that he is being wrongfully detained at the Krome Service Processing Center and seeking immediate release from Immigration and Customs Enforcement custody. [*Id.* at 19]. After reviewing the Petition, on March 18 the Court ordered the Respondents to show cause why the Petition should not be granted. [ECF No. 5]. On March 20, 2026, the Respondents filed a Response to Order to Show Cause (the "Response"). [ECF No. 7]. In the Response, Respondents state that Petitioner was removed from the United States on March 14, 2026, and is no longer detained. [*Id.* at 1]. As a result of Petitioner's release, Respondents argue Petitioner's claims are moot and the Petition should, therefore, be dismissed. [*Id.*].

## II.      DISCUSSION

This Court's jurisdiction is limited to Article III of the Constitution's definition of "cases" or "controversies." *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). "The doctrine of mootness derives directly from the case or controversy limitation because an action that is moot cannot be characterized as an active case or controversy." *Id.* at 1242 (quotation omitted). The case-or-controversy requirement applies through all stages of the litigation. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

For a federal court to have subject-matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *accord Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). The "in custody" determination is made at the time the § 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Where, as here, an alien detainee files a section 2241 petition requesting release, the case becomes moot and the court loses jurisdiction once the alien is released from custody. *See Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

In the case at bar, Petitioner satisfied the "in custody" requirement at the time he filed the Petition, but his subsequent release from custody has rendered his Petition moot. Petitioner sought release from ICE custody, which has now occurred. [ECF No. 1 at 5]. Because this Court cannot grant relief post-release, no case or controversy exists. *See Djadju*, 32 F.4th at 1107 ("Since Djadju already has been released from custody, his prayer for relief has been satisfied."); *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) ("Quite simply, 'there is nothing for us to remedy, even if we were disposed to do so.'" (citing *Spencer v. Kemna*, 523 U.S. 1, 18 (1998))).

Furthermore, no exception to the mootness doctrine is implicated because there is no

2

indication Petitioner will be returned to ICE custody soon. *See Djadju*, 32 F.4th at 1109 ("[T]here's no reasonable basis for us to believe that Djadju will be re-detained unlawfully upon termination of this suit"); *Al Najjar*, 273 F.3d at 1336 ("The remote possibility that an event might recur is not enough to overcome mootness."). Accordingly, this Court lacks jurisdiction over this case, and dismissal is required. *See Al Najjar*, 273 F.3d at 1336 ("dismissal is required because mootness is jurisdictional.").

## III.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief [**ECF No. 1**] is **DISMISSED AS MOOT**.

2. *The Clerk* is DIRECTED to **CLOSE** this case.

3. Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in the Southern District of Florida on March 23, 2026.

_____
**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record
       Kurbatov Andrii, *Pro Se*